UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-23928-CIV-MORENO

DAVID WAGNER and ANGELA WAGNER,

    Plaintiffs,

vs.

ISLAND ROMANCE HOLIDAYS, INC., a Florida corporation; BAY NEGRIL OPERATING COMPANY LIMITED; ISSA HOTELS AND RESORTS LIMITED,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Plaintiffs' Amended Complaint on the basis of the doctrine of *forum non conveniens*. Accepting the well-pleaded factual allegations as true, this Court finds the private and public interest factors weigh against dismissal of this case. Accordingly, this Court DENIES Defendants' Motion to Dismiss on the grounds of *forum non conveniens*.

I.    **Factual Background**

The issue presented by this negligent security case is whether Plaintiff David Wagner sustained personal injuries during a stay at the Couples Swept Away Resort (the "Resort") located in Negril, Jamaica, due to the failure of the Resort to provide adequate security to its guests. Plaintiffs assert that on one evening in November of 2011, during a stay at the Resort, Mr.

Wagner was the victim of an anonymous attack on the Resort grounds. Defendants contend that the Plaintiff suffered a syncopal episode and that he fell and struck his head. In a four-Count Complaint, Plaintiffs have asserted claims for negligence and vicarious liability against the Defendants alleging the Resort's negligence in failing to ensure a safe environment during their stay. Angela Wagner has also alleged loss of consortium. Defendants timely filed a Motion to Dismiss the Plaintiffs' Amended Complaint on the basis of the doctrine of *forum non conveniens*, asserting that Defendants face significant prejudice if the case is not tried in the available and adequate alternative forum of Jamaica.

## II.     Legal Standard

Under Rule 8, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When ruling on a motion to dismiss under Rule 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal,* 556 U.S. at 678. This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Put differently, the complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Twombly,* 550 U.S. at 556.

### III. Analysis

The doctrine of *forum non conveniens* permits a court to decline to exercise jurisdiction when the convenience of the parties and the interests of justice weigh in favor of trying the action in an alternative forum. *See generally, Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 (1981). Analytically, the court's examination is three-pronged. *Id.* When moving to dismiss a case on *forum non conveniens* grounds, the movant must show: (1) the availability of an alternative and adequate forum; (2) that public and private factors weigh in favor of dismissal; and (3) that the plaintiff can reinstate his suit in the alternative forum. *See Leon v. Millon Air, Inc.,* 251 F.3d 1305, 1311 (11th Cir. 2001).

### A. Adequate Alternative Forum

The defendant carries the initial burden of establishing that an adequate alternative forum with jurisdiction over the case exists. *Sun Trust Bank v. Sun Int'l Hotels Ltd.,* 184 F.Supp. 2d 1246, 1262 (S.D. Fla. 2001). Generally, a defendant satisfies that burden by showing that it is "amenable to process in the other jurisdiction." *See Piper Aircraft,* 454 U.S. at 254 n.22. While "[a]n adequate forum need not be a perfect forum," it must afford a satisfactory remedy. *Satz v. McDonnell Douglas Corp.,* 244 F. 3d 1279, 1283 (11th Cir. 2001) (noting that in rare circumstances other forums may be inadequate if the remedy offered is "clearly unsatisfactory"). A forum is adequate even though it provides a remedy that would be substantially less than the

remedy in the United States. *See Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1519 (11th Cir. 1985).

Here, the Defendants have agreed to submit to a Jamaican court's jurisdiction. They have therefore met their burden of establishing Jamaica as an adequate alternative forum. Plaintiffs argue that they would not financially be able to pursue a lawsuit in Jamaica, but that argument is ultimately irrelevant to the adequate alternative forum analysis. *Wilson v. Island Seas Investment, Ltd.*, 590 F.3d 1264, 1271 (financial ability of plaintiff to bring suit in foreign forum is not determinative and does not affect the adequate alternative forum analysis).

B. Private and Public Interest Factors

1. *Private Factors*

Once an adequate alternative forum has been established, the Supreme Court has directed district courts to consider the "private interest of the litigant" in reviewing the next prong of the *forum non conveniens* analysis. *Gulf Oil Corp.*, 330 U.S. at 508. If the court finds that private factors favor dismissal, the Court then determines whether or not factors of public interest tip the balance in favor of a trial in a foreign forum. *La Seguridad*, 707 F.2d at 1037. The private interest factors a court may consider in its *forum non conveniens* analysis include (1) ease of access to sources of proof and evidence; (2) availability and costs of obtaining willing and unwilling witnesses, and (3) "all other practical problems that make trial of the case easy, expeditious and inexpensive." *Id.* (citation omitted).

When the plaintiffs are "citizens, residents, or corporations of this country," the Eleventh Circuit mandates that a district court "'require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before

exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'" *SME Racks, Inc.* 382 F.3d at 1101-02 (citations omitted). Because the deference given to a plaintiff's choice of forum is especially strong in the Eleventh Circuit, this Court's analysis of private interest factors begins with the application of a "strong presumption against disturbing plaintiff's initial forum choice." *Id.* at 1101. Here, both Plaintiffs are residents of Illinois and citizens of the United States. Therefore this Court gives Plaintiffs' choice of forum a high level of deference and presumption of convenience. *See TNT USA, Inc. v. Trafiexpress, S.A. De C.V.*, 434 F. Supp. 2d 1322, 1333 (S.D. Fla. 2006).

Defendants claim that because the incident scene is located in Jamaica, a number of witnesses reside in Jamaica, and Jamaican tort law may have to be analyzed, the doctrine of *forum non conveniens* directs the transfer of this case to Jamaica. For the foregoing reasons, this Court finds that on balance, the private interest factors do not direct dismissal of this case on the grounds of *forum non conveniens.*

On balance, the ease of access to sources of evidence in this case is a factor weighing slightly in Defendants favor. Dismissal is not necessary to facilitate viewing of the incident scene. Rather, this Court finds that relevant scene information can be conveyed to fact finders through video and photographic evidence. However, the amount of and quality of witnesses who are citizens of Jamaica weighs in favor of transfer. In his case in chief, David Wagner will likely testify that he was attacked by an unknown assailant who placed him in an extended comatose state and, as a result, he did not advise anyone in Jamaica of the alleged attack. In order to challenge this testimony, the Defendants will need to present the testimony of the many local Jamaican medical witnesses and security guards which the Defendants have identified.

Specifically, Defendants allege that it will be critical that the Defendants are afforded the

opportunity to access the doctors and nurses at Cornwall Regional Hospital and the security personnel of the Resort in order to challenge Mr. Wagner's contentions regarding his attack and why he did not immediately thereafter report the attack. They allege that testimony from the Jamaican doctors and nurses will be necessary to ensure the admissibility of the medical records (with relevant medical histories adverse to the Plaintiffs' claims) that the Defendants may wish to introduce as evidence at any trial of this case. Moreover, Defendants argue that the testimony from all of the security officers who were on duty at the time of the alleged attack will be directly relevant to both the issue of whether Mr. Wagner was attacked in the restroom of the Resort by an unknown assailant and whether the security provided by the Resort met and/or exceeded the Jamaican standard of care.

The Defendants' inability to access Jamaican witnesses is a private interest factor that weighs in the Defendants' favor, but not overwhelmingly so. Plaintiffs allege that the security witnesses identified by the Defendants are under the Resort's control and can be reasonably expected to cooperate with a trial in the United States as per their contract. The Defendants do, however, identify a number of Jamaican medical personnel whom the Defendants neither employ nor control and who will be directly relevant to the Defendants' ability to disprove or challenge the Plaintiffs' negligent security claims herein, a fact that weighs in the Defendants' favor. *Prophet v. Int'l Lifestyles, Inc.*, 778 F.Supp.2d 1358 (S.D.Fla. 2010) (Jamaican resort's lack of access to local medical witnesses, including ambulance attendants weighed in favor of dismissal). In *Ward v. Kerzner International Hotels Ltd.*, however, Judge Jordan held in a *forum non conveniens* challenge that the presence of witnesses outside of the United States was insufficient to overcome the strong presumption in favor of the plaintiff. 2005 WL 2456191 at *3 (S.D.Fla. Mar.30, 2005). In that case, a majority of the significant witnesses were employees of

the defendants who, defendants claimed, would appear voluntarily. *Id.* Similarly, in this case, few relevant witnesses are not at least arguably associated with or employees of the Resort. Looking at the quality of the witnesses who are not subject to this Court's subpoena power-rather than absolute numbers of potential witnesses-it appears that the most vital witnesses needed to resolve the issue of liability are subject to the employ of the Resort.

Finally, the inability to implead non-parties into a controversy is a factor that weighs in favor of dismissal in order to avoid inconsistent verdicts. *See, e.g.*, *McLane v. Marriott International, Inc.*, 2013 WL 1810649 * 1, 5-6 (S.D.Fla. April 30, 2013); *Horberg v. Kerzner Int'l Hotels, Ltd.*, 744 F.Supp.2d 1284, 1293 (S.D.Fla. 2007). The Defendants here argue that as the case proceeds, they may attempt to implead Guardsman security officers into these proceedings. The Defendants argue the security officers are independent contractors, not employees, and are not subject to this Court's jurisdiction. Therefore, the Defendants will not be able to implead them if this case remains in Florida and Defendants will face certain prejudice if they are forced to litigate this case here. *See, e.g., Sun Trust,* 184 F.Supp.2d at 1264 (explaining that courts "look to the various theories of recovery in order to determine whether the joinder of [a] potential third-party is in fact crucial to the defendant's case); *c.f. Ward*, 2005 WL 2456191, at *3 n. 4 ("Even assuming that there are third parties that need to be joined[,] the defendants have not established that it would be unduly burdensome to pursue a separate indemnification action against any such third parties in the Bahamas ."). If indeed the security officers are independnat contractors and not employees subject to Defendants' control, the inability for the Defendants to implead Guardsman weighs in favor of dismissal. *Id.*; *see also Karlitz v. Regent Int'l Hotels, Ltd.*, 1997 WL 88291 (S.D.N.Y. Feb. 28, 1997) (claim against hotel operator who could not implead manufacturer of ramp where guest fell weighed in favor of dismissal). Nonetheless,

given the deference the Court must give to Plaintiffs' choice of forum, this factor cannot determine dismissal of this case.

This Court finds that the Defendants have not satisfied their burden of setting forth "positive evidence of unusually extreme circumstances" sufficient to overcome the strong presumption in favor of Plaintiffs' choice of forum. *Ward*, 2005 WL 2456191, at *4. The Defendants fail to provide arguments that "material injustice is manifest" such that the Court should be compelled to deny the Plaintiffs access to United States courts. Paying special deference to the "strong presumption against disturbing plaintiff's initial forum choice," even giving due weight to the fact that some of Defendants' witnesses are in Jamaica and the difficulty in impleading potential parties, on balance, the private interest factors weigh against granting dismissal on the grounds of forum non conveniens. *SME Racks, Inc.*, 382 F.3d at 1100.

### 2. Public Factors

Although this Court finds that the private interest factors weigh against granting dismissal, out of an abundance of caution, this Court still considers the public interest factors of this case. *See Bautista v. Cruise Ships Catering and Svc. Int'l, N.V.*, 350 F.Supp.2d 987, 991 (S.D.Fla. 2004). In *Gulf Oil*, the Supreme Court described the considerations of public interest that district courts should consider on a motion to dismiss for *forum non conveniens*:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil*, 330 U.S. at 508–09. A court must also weigh the interest of the United States in providing a domestic forum for its citizens. *See SME Racks*, 382 F.3d at 1104.

The Court's analysis begins with the proposition that Plaintiffs (both U.S. citizens) should not be ousted from a U.S. forum. In *SME Racks*, the court made clear that the "United States has a strong interest in providing a forum for its citizens' grievances against an allegedly predatory foreign business." *Id.* The same court observed that "the United States also has an interest in litigation involving the [ ] Defendants because they conduct business in the United States through their South Florida offices." *SME Racks*, 382 F.3d at 1104. It is worth noting that "although the Southern District of Florida has one of the busiest dockets in the United States" this factor should be accorded little weight in the analysis. *Morse v. Sun Int'l Hotels Ltd.*, 2001 U.S. Dist. LEXIS 23488, at *24 (S.D.Fla. Feb. 26, 2001).

The application of Jamaican tort law is another factor this Court considers. "The application of foreign law is an important factor to be considered in weighing the public interests, [although] this factor cannot be accorded dispositive weight." *See SME Racks, Inc.* 382 F.3d at 1104-1105. Keeping this case in this forum forces this Court to rely on expert testimony and evidence provided by the parties as to the substance of Jamaican law, which adds to the administrative burden of having the trial in this forum. However, this factor cannot be too heavily considered, as federal courts are often required to decide issues of foreign law. *Ward*, 2005 WL 2456191, at *5 (*citing SME Racks*, 382 F.3d at 1105 n.11). Moreover, Jamaican tort law is not very dissimilar from Florida state law, and there are no language barriers to this Court's understanding of Jamaican law. *Id.; see also Sun Trust*, 184 F.Supp.2d at 1266. This factor thereby fails to weigh heavily in favor of dismissal.

The strongest factor in favor of dismissal is the fact that a jury composed of residents of Miami, Florida, has a minimal interest in adjudicating a dispute between citizens of Illinois and citizens of Jamaica for a tort act alleged to have occurred in Jamaica. Florida has, at best, a tenuous connection to the lawsuit. Although Defendants have places of business in Florida, they appear to be the only ones with a connection to the state–the Plaintiffs reside in Illinois and all relevant witnesses are in Jamaica. A Florida jury, however, will be called upon to decide the issue of whether the security provided by the Resort fell below the applicable Jamaican standard of care. The allegations presented by this negligent security claim unquestionably raise a local issue where Jamaica's interest is paramount. *Morrone v. Sun Int'l Hotels, Ltd.*, 2006 WL 6842082 (S.D. Fla. Sept. 22, 2006) (the crux of dispute in issue was the limit of a Bahamian hotel's duty to protect its invitees from third-party criminal conduct—an inherently local Bahamian interest). This factor does weigh in favor of dismissal. On balance, therefore, the public interest factors do not cut in favor of dismissing this case. The primary factor driving this decision is the United States' interest in providing a forum for its citizens in which to seek redress for injuries caused by foreign defendants who are subject to U.S. jurisdiction.

### IV. Conclusion

To successfully argue a Motion to Dismiss on the basis of *forum non conveniens*, defendants must clearly present "positive evidence of unusually extreme circumstances" which should "thoroughly convince" a court that a "material injustice" would be "manifest" if the case in question were to remain in the venue. *Piper Aircraft,* 454 U.S. at 256; *see also Montgomery v. Oberti,* 2013 WL 2120824 *9 (S.D. Fla. May 16, 2013). Ultimately, this Court does not find that manifest injustice will result if this case proceeds to trial in this forum. It is thereby

ADJUDGED that the motion is DENIED on the grounds of *forum non conveniens.* The associated Plaintiff's Request for Hearing on Defendants' Motion to Dismiss and Plaintiffs' Motion to Strike New Argument in Defendants' Reply Brief are also DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 21 day of October, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record